FILED
2013 Nov-08 PM 02:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CEDRIC ALONZO ROBERTS, ) | |
| ) | |
| Plaintiff , ) | |
| ) | |
| v. ) | Case No. 2:12-cv-04114-RBP-TMP |
| ) | |
| MIDFIELD POLICE DEPARTMENT and ) | |
| OFFICER T. YEARWOOD, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Cedric Alonzo Roberts, hereinafter referred to as plaintiff, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged. Plaintiff is currently incarcerated at Easterling Correctional Facility in Clio, Alabama. Plaintiff names as defendants the Midfield Police Department and Officer T. Yearwood. Plaintiff seeks monetary relief. In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, requires this court to screen complaints filed by

prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Thus, under § 1915A, the court may *sua sponte* dismiss a prisoner's complaint prior to service. Nevertheless, in order to protect a *pro se* prisoner's right of access to the courts, these complaints are read by less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

## FACTUAL ALLEGATIONS

On April 22, 2011, plaintiff was running from the scene of a crime. (Compl. at 3.) Midfield Police Officer T. Yearwood hit plaintiff with his patrol car, knocking plaintiff to the ground. *Id*. Plaintiff lay on the ground unconscious until he was "awaken[ed]" by Officer Yearwood along with the Midfield Fire Department and paramedics. *Id*. Plaintiff sustained a broken finger, head, leg, and chest injuries and "a busted eye." *Id*. He was taken to UAB. *Id*.

Plaintiff suffers from headaches and knee and chest pain as a result of his injuries. (Compl. at 3.) He also requires physical assistance. *Id*. For relief, plaintiff

requests that defendants pay his medical expenses and $750,000.00 for his pain and suffering. (Compl. at 4.)

## DISCUSSION

A. **Midfield Police Department.**

Plaintiff names the Midfield Police Department as a defendant. However, the law is well established that sheriff's departments and police departments are not legal entities subject to suit under 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Accordingly, the Midfield Police Department is due to be dismissed.

B. **Officer T. Yearwood.**

Plaintiff alleges that on April 22, 2011, he was running from the scene of a crime when Midfield Police Officer T. Yearwood hit him with his patrol car and caused him injury. To the extent plaintiff alleges a Fourth Amendment excessive force claim against Yearwood, such claim should be referred to the undersigned for further proceedings. Plaintiff has alleged sufficient facts to require a Special Report from this defendant.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Accordingly, for the reasons stated above, the magistrate judge RECOMMENDS that plaintiff's claims against Midfield Police Department be

DISMISSED for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).  The magistrate judge further RECOMMENDS that plaintiff's Fourth Amendment claim against Officer T. Yearwood be REFERRED to the undersigned magistrate judge for further proceedings.

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court.  **Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included.**  Failure to do so will bar any later challenge or review of the factual findings **or legal conclusions** of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).  In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions

of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record. The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the plaintiff.

DATED this 8th day of November, 2013.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE